**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Matthew Mintz, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Sterling Infosystems, Inc. d/b/a Sterling Talent Solutions, | **COMPLAINT** |
| Defendant. | |

For this Complaint, Plaintiff, Matthew Mintz, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Matthew Mintz ("Plaintiff"), is a 53-year-old individual residing in Shakopee, Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, Sterling Infosystems, Inc. d/b/a Sterling Talent Solutions ("Sterling"), is a New York business entity with an address of 1 State Street Plaza, New York, New York 10004. Sterling is a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) and a reseller as the term is defined by 15 U.S.C. § 1681(a)(u). Sterling is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the

purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

## FACTS

6. Since 2017, Plaintiff has been driving for Lyft, an on-demand transportation company based in San Francisco, California.

7. Plaintiff relies on Lyft to provide income.

8. In March 2018, Lyft submitted Plaintiff's information to Defendant for a routine background screening report.

9. Defendant performed the background screening report, which included a criminal records search, and furnished the results to Lyft.

10. Upon Lyft's receipt of the report, Plaintiff was informed that his Lyft driver account was suspended due to criminal activity contained in the report.

11. According to the report, Plaintiff is a defendant in an ongoing felony case in Minnesota.

12. However, the information provided by Defendant to Lyft is inaccurate, as the case reported is against a different, 26-year old Matthew Mintz who resides in Chicago, Illinois.

13. The inaccurate report contains damaging information to Plaintiff's character and reputation, including falsely stating that Plaintiff is a Level 1 sex offender.

14. A cursory Internet search reveals that the case reported involves alleged sex trafficking, with the charges against the defendant Matthew Mintz including conspiracy to commit sex trafficking, conspiracy to commit transportation to engage in prostitution, conspiracy to engage in money laundering, and conspiracy to use a communication facility to promote prostitution.

15. In addition to having his Lyft account suspended, which prevents Plaintiff from

working, Plaintiff has suffered actual damages in the form of harm to reputation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

16. Defendant failed to take any steps to verify the accuracy of the information contained in Plaintiff's report before furnishing it to Lyft.

17. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard of federal law.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. 15 U.S.C. § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

20. In addition, 15 U.S.C. § 1681d(d)(3) provides that "a consumer reporting agency shall not furnish an investigative consumer report that includes information that is a matter of public record and that relates to an arrest, indictment, conviction, civil judicial action, tax lien, or outstanding judgment, unless the agency has verified the accuracy of the information during the 30-day period ending on the date on which the report is furnished."

21. Defendant violated §§ 1681e(b) and 1681d(d)(3) of the FCRA by failing to follow reasonable procedures to assure maximum accuracy of the information contained in its report and by failing to verify the accuracy of the information contained in its report.

22. These failures directly caused Lyft to suspend Plaintiff, which has damaged Plaintiff.

23. As a result of Defendant's violations of §§ 1681e(b) and 1681d(d)(3) of the FCRA, Plaintiff is entitled to damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B);

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

D. Attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 2, 2018

Respectfully submitted,

By: /s/ Sergei Lemberg
Sergei Lemberg, Esq. (SL 6331)
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff